UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN HINKLE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | ) CAUSE NO: 1:20-cv-2566 |
| | ) |
| MILLER TRANSPORTATION, INC., | ) |
| | ) |
|       Defendant. | ) |

## I.  COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Brian Hinkle (hereafter "Hinkle"), brings this action against Defendant,

Miller Transportation, Inc. (hereafter "Defendant"), pursuant to the Americans with Disabilities

Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*. and Family and Medical Leave Act of

1993, 29 U.S.C. §§ 2601 *et seq*.

## II.  PARTIES

2.      At all times relevant to this action, Hinkle resided within the Southern District of

Indiana.

3.      At all times relevant to this action, Defendant maintained offices and conducted

business within the Southern District of Indiana.

## III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and

42 U.S.C. § 12117.

5.      At all times relevant to this action, Hinkle was an "employee" as that term is

defined by 42 U.S.C. § 12111(4).

6.        Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

7.        Hinkle is a qualified individual with a disability, has a record of a disability, and/or is perceived and/or regarded as disabled, as that term is defined by the ADA, 42 U.S.C. § 12102(2) and 12111(8).

8.        Hinkle suffers from Post Traumatic Stress Disorder. Hinkle's disability substantially effects his day to day life activities.

9.        Hinkle satisfied his obligation to exhaust his administrative remedies, having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2020-02132 against Defendant, alleging discrimination based on his disability, his record of disability and/or Defendant's perception of Hinkle as disabled and/or in retaliation for engagement in protected activity. Hinkle received his Right to Sue and now timely files the instant lawsuit prior to the expiration of the ninety (90) day window to file.

10.      All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.  FACTUAL ALLEGATIONS

11.      Hinkle began his employment with Defendant on February 2018 as a bus driver.

12.      At all times relevant, Hinkle met or exceeded Respondent's legitimate employment expectations.

13.      In November 2019 an individual snuck on Hinkle's bus and later assaulted Hinkle. Hinkle reported this incident to his employer.

14.     Hinkle suffered a recurrence of his PTSD symptoms as a result of this incident. Hinkle's medical provider instructed him to take time off work as a result. Hinkle conveyed this to his employer. Additionally, Hinkle requested that respondent initiate a workers compensation claim related to the incident.  Hinkle's request for leave and taking of leave constituted statutorily protected activity.

15.     On information and belief, Hinkle was eligible for FMLA leave. Defendant did not inform Hinkle of his rights under the FMLA and did not offer him FMLA leave.

16.     Hinkle was in communication with his employer throughout his leave and at no time did Defendant raise any concerns regarding the November incident.

17.     After informing his employer that he was able to return to work in January 2020, Hinkle was for the first time told by Defendant that he was under investigation regarding the November incident.

18.     Defendant terminated Hinkle, allegedly for violating company policy during the November incident.

19.     Similarly situated employees who are not disabled and/or have not engaged in protected activity were not terminated for engaging in conduct comparable to that alleged of Hinkle, including, but not limited to, driver Tiffanye Randolph.

20.     Defendant terminated Hinkle because of his disability and because he had engaged in statutorily protected activity. Defendant interfered with Hinkle's use of FMLA by not notifying him of available leave as required.

21.     Any other reason given by the Defendant for its actions is pretext.

22.     Hinkle has suffered harm as a result of Defendant's unlawful actions.

## V.  CAUSES OF ACTION

### COUNT ONE:  VIOLATIONS OF THE ADA - DISCRIMINATION

23.      Hinkle hereby incorporates paragraphs one (1) through twenty-two (22) of his Complaint.

24.      Defendant violated Hinkle's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. by transferring and terminating Hinkle because of his disability.

25.      Defendant's actions were intentional, willful and in reckless disregard of Hinkle's rights as protected by the ADA.

26.      Hinkle has suffered damages as a result of Defendant's unlawful actions.

### COUNT TWO: VIOLATIONS OF THE ADA - RETALIATION

27.      Hinkle hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint.

28.      Defendant transferred and terminated Hinkle in retaliation for his engagement in the statutorily protected activity of requesting medical leave related to his disability.

29.      Defendant's unlawful actions were intentional, wilful, and done in reckless disregard of Hinkle's rights as protected by the ADA.

30.      Hinkle has suffered harm as a result of Defendant's unlawful acts.

### COUNT III - FMLA INTERFERENCE

31.       Hinkle incorporates by reference paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32.       Defendant interfered with Hinkle's ability to take FMLA by not informing him of his available leave.

33.     Defendant's actions were intentional, willful, and in reckless disregard of Hinkle's rights as protected by the FMLA.

34.     Hinkle  has been harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Brian Hinkle respectfully requests that this Court enter judgment in his favor as follows:

1.      Find and hold that Hinkle has suffered from Defendant's act of unlawful discrimination and retaliation and issue a declaratory judgment that Defendant's acts violated the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.,* and/or;

2.      Permanently enjoin Defendant, its officers, agents, employees and attorneys acting in concert with them from engaging in any employment policy or practice that discriminates against any person for exercising his or her statutorily protected rights, and/or;

3.      Order Defendant to pay Hinkle all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions, and/or;

4.      Order Defendant to reinstate and/or hire Hinkle or pay Hinkle front pay in lieu thereof, and/or;

5.      Order Defendant to pay liquidated damages to Hinkle;

6.      Order Defendant to pay compensatory and/or punitive damages to Hinkle, and/or;

7.      Order Defendant to pay to Hinkle all costs and attorney's fees incurred as a result of him bringing this action, and/or;

8.      Order Defendant to pay to Hinkle pre- and post-judgment interest on all sums recoverable, and/or;

5

9.      Award all other relief that is just and proper.


                              Respectfully submitted,


                              John H. Haskin (7576-49)
                              Keenan D. Wilson (32195-49)

                              JOHN H. HASKIN & ASSOCIATES
                              255 North Alabama Street, 2nd Floor
                              Indianapolis, IN 46204
                              Telephone:    (317) 955-9500
                              Facsimile:    (317) 955-2570
                              E-Mail:       jhaskin@jhaskinlaw.com
                                            kwilson@jhaskinlaw.com
                              Attorney for Plaintiff, Brian Hinkle




                    **DEMAND FOR JURY TRIAL**

    Plaintiff, Brian Hinkle, by counsel, demands a trial by jury on all issues deemed so

triable.



                              Respectfully submitted,

                              John H. Haskin (7576-49)
                              Keenan D. Wilson (32195-49)

                              JOHN H. HASKIN & ASSOCIATES
                              255 North Alabama Street, 2nd Floor
                              Indianapolis, IN 46204
                              Telephone:    (317) 955-9500
                              Facsimile:    (317) 955-2570
                              E-Mail:       jhaskin@jhaskinlaw.com
                                            kwilson@jhaskinlaw.com
                              Attorney for Plaintiff, Brian Hinkle